## THE GUIDING STAR.

(*District Court, D. Kentucky.* March 4, 1880.)

ADMIRALTY—ACTION IN REM—CLAIM FOR AN ASSAULT BY AN OFFICER.—
In an action *in rem* a seaman cannot join a claim for wages with one for an assault and battery by an officer of the vessel.

In admiralty. Exceptions to libel for multifariousness.

The libel claimed for the services of libellant as seaman upon a round trip from Madison, Indiana, to New Orleans, and alleged that the master shipped him under a contract to serve as roustabout at one dollar per day, and also "to receive kind and humane treatment, and his board or rations during the trip, and to be brought back to Madison." It further alleged that before the completion of the round trip, and near Caseyville, Ky., the mate struck him, "by color of his authority as such mate, several blows upon his head and neck, and kicked him in the sides; threw him against the front steps, and landed him against his will, at the coal mines near Caseyville, and the master of the boat permitted this to be done without protecting libellant or preventing any of these outrages." He claimed for wages, for rations, and for his fare back to his home, amounting in all to $39.50, and also claimed $3,000 for the assault, by reason of which he alleged he had been crippled and made sick, and his health had been greatly injured, and he had been incapacitated from doing work.

Claimant excepted to the libel upon the ground that libellant had joined causes of action *ex delicto* and *ex contractu*, and because the steamer was not liable *in rem* for the beating complained of, and this court had no jurisdiction to condemn and subject it to the satisfaction of said alleged damages.

*I. H. Trabue* and *L. N. Dembitz,* for libellant.

*Barr, Goodloe & Humphrey,* for claimant.

BROWN, J. The only question raised by the exceptions is, whether a seaman, in an action *in rem,* can join a claim for wages with a claim for an assault and battery by an officer of the vessel. Doubtless a court of admiralty may entertain

jurisdiction *in personam* of suits for assaults, and I see no reason to doubt that a seaman may join in an action for wages a claim against the vessel for injuries received by such acts of negligence as the ship is liable for, in a proceeding *in rem;* but, by General Admiralty Rule 16, "in all suits for an assault or beating on the high seas, or elsewhere within the admiralty and maritime jurisdiction, the suit shall be *in personam* only."

It seems to be the opinion of Mr. Benedict, however, (Benedict's Admiralty, § 309,) that this rule is confined to cases technically for assault and battery as a mere tort, and that if the action be brought on a contract, as for not carrying a passenger safely, or without injury, or for not treating with kindness a passenger or seaman, an assault or beating being the gravamen of the breach, that the suit may be *in rem* against the vessel. No authorities, however, are cited to this proposition, and upon a careful examination I have been unable to find any which lends it support. It is true there are certain cases *in rem* in which the libellant may join any number of demands, and in cases *in personam* claims *ex delicto* and *ex contractu* are not infrequently joined in the same libel. Dunlap's Admiralty, 89.

The question here involved is discussed in but a single case, viz., *Pratt* v. *Thomas,* 1 Ware's Rep. 427, in which the learned judge for the district of Maine considers the subject with his usual thoroughness, and comes to a conclusion that a claim for damages for a personal wrong is an entirely independent claim, and perfectly unconnected with that for wages. This case is a much stronger one against a joinder than the one at the bar, as it was a libel *in personam* against the master.

If it had been supposed that the court could entertain jurisdiction *in rem* of a suit for an assault, it is incredible that precedents for such suits should not be found in the books, for cases of aggravated assaults upon seamen are of the commonest occurrence. Upon the contrary, in all reported cases of this kind the actions are *in personam* only. *The Agincourt,* 1 Hagg. 271; *The Lowther Castle,* Id. 384; *The Enchantress,*

Id. 395; *The Ruckers,* 4 Rob. 73; *Chamberlain* v. *Chandler,* 3
Mass. 242; *Peterson* v. *Watson,* Blatch. & How. 487; *Thomas*
v. *Gray,* Id. 493; *Treadwell* v. *Joseph,* 1 Sumn. 390; Williams & Bruce's Adm. Pr. 61; *Butler* v. *McLeeann,* 1 Ware,
219; *Forbes* v. *Parsons,* Crabbe, 283; *Fuller* v. *Colby,* 3 W. &
M. 1; *Anderson* v. *Ross,* 2 Saw. 91.

Doubtless a seamen is entitled to be cured of his wounds
at the expense of the ship, and to his wages during his sickness; and I know of no reason why libellant might not have
joined a claim of this kind with one for wages. 2 Pars. on
Ship. 80–85; *The Lillie Hopkins,* 1 Wood, 170; *The Bradish
Johnson,* Id. 301; *The D. S. Cage,* Id. 401; *The Ben Flint,* 1
Biss. 567. His claim for damages, however, is rather for the
pain and suffering endured than the expense of cure; in other
words, it is a claim for an assault and battery, and not for
wages and medical attendance.

An act of congress making the damages occasioned by
assaults of officers upon seamen a lien upon the ship may be
the only effectual means of checking the brutality and inhumanity so frequently seen on shipboard, but I am satisfied that
the law at present warrants no such method of procedure.

The exceptions must therefore be sustained.